## Isaac M. Clark *vs.* Bailey K. Flagg & others.

In computing the ninety days on which a poor debtor is to surrender himself according to his bail-bond, fractions of a day are not to be included.

The discharge in insolvency of the principal in a bail-bond, after a breach thereof, is no discharge to the sureties.

In this action, which was tried in the court of common pleas, *Mellen*, J. signed the following bill of exceptions, which a proper understanding of the opinion requires to be set out verbatim : " This is an action brought by the plaintiff against the defendants, on a jail limit-bond, wherein said Bailey K. Flagg is principal, and John S. M. Colby and James Y. Webster are sureties.   The same being tried at said term of said court, the jury returned a verdict, finding for said Flagg, and against said Colby and Webster.   At the trial of the above entitled action the plaintiff offered evidence to prove the hour or fraction of the day on which said Flagg was committed to jail. To which evidence the defendants objected by and through their attorney, P. S. Chase.   His honor the presiding justice of said court, overruled the defendant's said objection, and allowed the said evidence to be put into the case : to which said ruling of the said justice the defendants against whom verdict is rendered, except.   In the same action the defendants set up as a defence, a surrender of the principal by himself in compliance with the terms of the bond.   And the plaintiff at the trial offered evidence to prove the hour or fraction of the day on which said Flagg offered to surrender himself to the jailer.   The evidence in the case showed that said principal never surrendered himself according to the terms of the bond, but refused so to do.   To this evidence the defendants by their aforesaid attorney, objected, and his honor, the justice aforesaid, overruled the objection and allowed the evidence to be put into the case : to which ruling the defendants against whom verdict is rendered, also except.   At said trial the defendants proved the discharge of said Flagg in insolvency, obtained since their liability (if any) accrued upon the bond

aforesaid. And at said trial the defendants by their attorney aforesaid, requested his honor the presiding judge aforesaid, to instruct the jury that the discharge of Flagg in insolvency operates to discharge the sureties also. The said justice overruled the said request, and refused so to instruct the jury as requested : to which said ruling the defendants against whom verdict is rendered in said action, also except."

*P. S. Chase*, for the defendants.

*R. Cross*, for the plaintiff.

Dewey, J. 1. In the argument of this case it was contended on the part of the defendants, that in computing the ninety days in which, by the terms of the bond, the surrender of the debtor was to be made, it was not competent to charge upon the parties a default as to such promise to surrender, by making a computation based upon the hour of the day of his original committal and that of his surrender, or in other words, to introduce into the computation fractions of a day, so that, if the debtor had been committed at 10 A. M. and had been surrendered at 2 P. M. of the ninetieth day, there would be a breach of the bond. We entertain no doubts on this subject, and think the defendants' view, excluding the fractions of the day, is the correct one.

If the defendants had further satisfied us that any such ruling or instruction to the jury had been in fact given by the presiding judge, we should. have set aside the verdict. But upon a careful scrutiny of the bill of exceptions, we find no such ruling. It is true that evidence was admitted by the court, of the hour of the day at which the committal to prison occurred, and also the hour of the day at which the alleged surrender was made. The object of this testimony is not stated in the bill of exceptions. As to the evidence concerning the hour of the alleged surrender of the debtor, it might have been competent evidence for the purposes suggested by the counsel for the plaintiff, as bearing upon the litigated question whether any surrender was made, and with a view of showing some facts controlling the evidence of the defendants tending to show the surrender of the debtor on the day alleged.

As to the evidence of the hour of the day on which the. orig-

ina: committal to prison took place, it is more difficult to see the purpose for which it could have been introduced. But it was at most only irrelevant, for aught that appears in the statement of the case and the proceedings on the trial before the jury. There is nothing in the bill of exceptions showing that any instructions were asked by either party as to computing the ninety days, by any reference to the fractions of a day, or the different hours of the day in which the committal and the surrender were alleged to have taken place. The case does not appear to have been put to the jury upon that point, or under any instruction as to computing the ninety days. Indeed; the exceptions state that the evidence showed that the debtor never surrendered himself, according to the terms of the bond, but refused so to do. This is stated in the bill of exceptions, and must therefore be taken to be in accordance with the facts. There having been a refusal to surrender, and the debtor never having surrendered himself, the question to which we have alluded, that of regarding the fractions of a day, must, of course, have been immaterial. If the real question submitted to the jury was, as is supposed by the counsel for the plaintiff, whether enough was done at any time to surrender the debtor to the custody of the jailer, that must explain the reason why no instructions were asked on the other point. However that may be, nothing is stated in the case showing any instructions or ruling to the effect that in computing the ninety days, within which the surrender was to be made, reference might be had to the hour of the day at which the committal took place, and the hour of the alleged surrender, or any effect given to fractions of a day.

2. A further question was raised in this case upon the effect of a discharge of the debtor, the principal in the bond, in proceedings in insolvency under the *St.* of 1838, *c.* 163. It is said that the discharge of the principal, after breach of this bond, from all future liability thereon, is the discharge of his sureties also. But such is not the effect of the discharge of a principal under our insolvent law. The statute just cited directly provides for this case, and enacts " that no discharge of any debtor, under this act, shall release or discharge any

person who may be liable for the same debt as a partner, joint contractor, indorser, surety, or otherwise, for or with the debtor;" *St.* 1838, *c.* 163, § 7.  *Exceptions overruled.*